IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:11-MJ-1064-JG-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| RICARDO ROSALES-SARMIENTO, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of an agent with United States Immigration and Customs Enforcement, and defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required. The government's motion is therefore GRANTED.

## Background

Defendant was charged by a criminal complaint on 22 April 2011 with the offense of illegal re-entry by a felon on or about 27 March 2011, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). The evidence presented at the hearing showed that the charges arise from defendant's arrest on 27 March 2011 for a traffic violation in Beaufort County. Record checks revealed that defendant was an alien, had been deported on 30 September 2004, had not obtained permission to re-enter the United States, and was in the United States illegally. An ICE detainer is pending against him.

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the nature of the offense charged; the circumstances of the alleged offense, including defendant's disregard of instructions provided him upon deportation regarding re-entry into the United States; defendant's status as a citizen of another country; defendant's lack of enduring ties to this district and the United States generally; defendant's criminal record, including two felony and five misdemeanor convictions, evincing his disregard of the law; and, as indicated, the other findings and reasons stated in open court.

Defendant faces an extended period of incarceration followed by deportation. He therefore has a strong incentive to flee. Under the circumstances presented, there are no conditions the court could impose that would reasonably address this risk of flight.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of April 2011.

James E. Gates
United States Magistrate Judge